IT IS ORDERED

Date Entered on Docket: August 25, 2020



_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

EPIFANIO GARCIA, JR.
*aka* Eppie Garcia, Jr.
LIZ VIOLA GARCIA
*aka* Elizaria Viola Garcia
*aka* Lizzie Viola Garcia
*fka* Lizzie Viola Purcella
*fka* Liz Viola Purcella
*fka* Liz Vigil
*fka* Elizaria Viola Purcella

Debtors.                                    Case No. 13-19-10445-JA

### STIPULATED ORDER MODIFYING THE AUTOMATIC STAY AND PROVIDING FOR THE ABANDONMENT OF PROPERTY

This matter came before the Court on NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-8's ("**Creditor**"), Motion for Relief from Automatic Stay for the Abandonment of Property, filed on July 9, 2020, (Docket No. 58) (the

"**Motion**"), The Court, having reviewed the record, the Motion and being otherwise sufficiently informed, FINDS:

  a. On, Creditor served the Motion and a notice of the Motion (the "**Notice**") on Ronald E Holmes, Attorney for Debtors, and Tiffany M. Cornejo (the "**Trustee**") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1.

  b. The Motion relates to the property located at 317 Timber Rd., Bernalillo, New Mexico 87004 (the "**Property**"), more fully described as:

> Lot numbered Nine (9), in Block numbered One (1), of the Old Sawmill Addition, as the Same is shown and designated on the plat thereof, filed in the office of the County Clerk of Sandoval County, New Mexico, on July 29, 1980, in Folio #

including a 1997, 52 X 28 VSX2848A mobile home with the serial number CAVAZD970911X&U, Secured through a Certificate of Title issued December 9,1997 and any and all improvements, fixtures, and attachments. If there is a conflict between the Property's legal description and the street address, the legal description shall control.

  c. The Notice provided for an objection deadline of 21 days from the date of service of the Notice.

  d. The Notice was sufficient in form and content;

  e. The objection deadline expired on July 30, 2020;

  f. On July 30, 2020 the debtors filed a response to the Motion, no other party in interest filed a response to the Motion;

  g. The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered

Creditor's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. The Debtors will cure payment arrears due on Creditor's Promissory Note (the "**Note**") and Line of Credit Mortgage for April 15, 2020, through July 15, 2015, which includes four (4) payments of $464.55 each, plus $550.00 in attorneys' fees and costs incurred due to the Debtors' default and a suspense credit of ($231.04) for a total postpetition payment arrearage amount of $2,177.16 (through July 30, 2020).

2. The first payment of $362.86 is due by September 1, 2020, the second payment of $362.86 is due by October 1, 2020, the third payment of $362.86 is due by November 1, 2020, the fourth payment of $362.86 is due by December 1, 2020, the fifth payment of $362.86 is due by January 1, 2021, and the final payment of $362.86 is due by February 1, 2021. Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total post-petition default of $2,177.16 by February 1, 2021. These payments shall include the loan number and will be made in certified funds and will be delivered to:

> Shellpoint Mortgage Servicing
> Attn: Payment Processing
> 55 Beattie Place, Suite 110
> Greenville, SC 29601

The Debtors shall continue to make their regular monthly mortgage payments in the current amount of $464.55 as they come due, unless otherwise notified by Creditor, commencing with the payment due on August 15, 2020.

3. In the event the Debtors fail to tender a payment as due and required by this Order, the Creditor may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel. The Debtors will have ten (10)

days from the filing of a Notice of Default to cure the default. The Debtors will only receive two (2) such Notices. If the Debtors fail to cure the default within fifteen (15) days from the filing of a Notice of Default, then upon the Creditor's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4. In the event that the Debtors default a third time, the Creditor may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law. The automatic stay is not modified to permit creditor to take any act to collect a deficiency or other obligation against the debtors or to create any personal liability as to the debtors, but rather, the stay is modified to allow the debtors to be named as defendants *in rem* and seek enforcement of its security interest against the property.

5. In the event the Debtors default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments Creditor pursuant to the Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by Creditor for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the Creditor's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the

"Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Creditor's Note and Mortgage as described above.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Creditor may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to Creditor pursuant the Confirmed Plan, and any future payment and/or deficiency owed by the Debtors to Creditor after sale of the Property shall be set forth in an Amended Proof of Claim filed by Creditor and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon default by Debtors, the filing of the Creditor's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Creditor may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By /s/ Michael D. Mazur
    MICHAEL D. MAZUR
    Attorney for Creditor
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Michael.Mazur@roselbrand.com

APPROVED BY:

By: Approved via Email 8/20/2020
    Ronald E Holmes
    Attorney for Debtors
    320 Gold SW Suite 1111
    Albuquerque, NM 87102
    Telephone: 505-268-3999
    rholmes@davismiles.com

By: Approved via Email 8/20/2020
    Tiffany M. Cornejo
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: 505-243-1335

8107-006-B 7492470.docx mdb

6

Case 19-10445-j13   Doc 61   Filed 08/25/20   Entered 08/25/20 15:41:44 Page 6 of 6